IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:11-CR-82 |
| | ) | |
| NEWELL LYNN SMITH, | ) | (GREER/GUYTON) |
| ARMIDA J. DI SANTI, | ) | |
| MARK C. SAWYER, | ) | |
| ERIC M. GRUENBERG, and | ) | |
| MILTO DI SANTI, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b), and by Order of Reassignment [Doc. 5], for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Mark Sawyer's Motion to Unseal Codefendant Plea Agreement or Alternatively to Provide to Counsel Pursuant to a Protective Order [Doc. 89], filed on November 5, 2012, and the United States' Motion to Disclose Plea Agreement Subject to Protective Order [Doc. 104], filed on December 3, 2012.

Defendant Sawyer asks the Court to unseal the plea agreement [Doc. 63] of Defendant Eric Gruenberg. The Court granted [Doc. 62] the Government's motion to seal the plea agreement due to the sensitive nature of its contents. Defendant Sawyer states that Defendant Gruenberg's codefendants, who are alleged to have conspired with him in violating environmental laws, should

1

be permitted "to know what admissions have been made, especially given the complex nature of the case and the diverse roles of those involved and the lack of a bill of . . . particulars as to specific acts alleged to have been committed by each defendant." [Doc. 89, p.1] As an alternative to unsealing the plea agreement filed in the record, Defendant Sawyer requests that the Court order the Government to provide either a redacted copy of the agreement to the codefendants or a copy of the agreement subject to a protective order stating that the information therein will not be further disclosed. The Government responds [Doc. 100] that the Court should deny Defendant Sawyer's motion as moot because it has also moved to disclose Defendant Gruenberg's plea agreement subject to a protective order.

In its motion, the Government asks the Court to permit it to disclose the sealed plea agreement of Defendant Gruenberg to the codefendants in this case subject to a protective order with the following requirements: (1) that the codefendants and counsel have access to the plea agreement for trial preparation and to use at trial to cross-examine Defendant Gruenberg should he testify for the Government and (2) that the terms contained in the agreement not be made public or disclosed to others not associated with the case. The Defendants, including Defendant Gruenberg, have raised no objection to the Government's motion within the time permitted by the Local Rules. See E.D. TN LR 7.1 (requiring that responses to non-dispositive motions be filed within 14 days of the motion).

The Court finds that both Defendant Sawyer and the Government agree that Defendant Gruenberg's plea agreement should be disclosed to the codefendants subject to a protective order. The Court also observes that Defendant Gruenberg has not objected to this request. Accordingly, the Defendant Sawyer's and the Government's [**Docs. 89 and 104**] motions are

2

**GRANTED in part** and **GRANTED** respectively. Defendant Gruenberg's plea agreement [Doc. 63] shall remain sealed in the record, but the Government is **DIRECTED** to disclose copies of the plea agreement to counsel for the codefendants with a copy of this order attached. All parties receiving a copy of Defendant Gruenberg's plea agreement are **ORDERED** to comply with the following **PROTECTIVE ORDER**:

> (1) The parties may not disclose the contents of Defendant Gruenberg's plea agreement to the public, except that counsel may use the plea agreement at trial to the extent permitted by the District Court and the rules of procedure and evidence.
>
> (2) Any disclosure by counsel for the Defendants is to be limited to persons directly involved in the preparation of the instant case or to use at trial.
>
> (3) Any copies of the plea agreement disclosed to persons directly involved in the preparation of the case shall be accompanied by a copy of this order.
>
> (4) Upon conclusion of the case, to include any appellate or collateral review proceedings, any copies of Defendant Gruenberg's plea agreement, which have been disclosed by the parties, are to be destroyed.

**IT IS SO ORDERED.**

ENTER:

                                              s/ H. Bruce Guyton
                                              United States Magistrate Judge